Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| NORMA VÉLEZ SOTO<br><br>Recurrido<br><br>v.<br><br>CLINICAL MEDICAL SERVICES, INC.<br><br>Peticionaria | KLCE202401268 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2023CV01462<br><br>Sobre: Acoso laboral, daños |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece la parte peticionaria, Clinical Medical Services, Inc., mediante el recurso de epígrafe y nos solicita que revoquemos la *Minuta/Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 22 de octubre de 2024, notificada el 30 del mismo mes y año. Mediante el referido dictamen, el foro primario, en esencia, luego de extender el término para culminar el descubrimiento de prueba, limitó la cantidad de deposiciones que podía tomar la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

## I

El 9 de mayo de 2023, Norma Vélez Soto (Vélez Soto o recurrida) incoó una *Demanda* sobre acoso laboral y daños y perjuicios en contra de su patrono, para quien fue empleada desde el año 2019, Clinical Medical Services, Inc. (Clinical o peticionaria).[1]

---

[1] Apéndice del recurso, págs. 1-3.

En síntesis, arguyó que Clinical desató un patrón de discrimen y represalias en su contra por haber solicitado una exención médica para no tener que utilizar mascarilla en su lugar de trabajo. Por ello, y otros sucesos alegados, solicitó el pago de $150,000.00 por concepto de daños.

Por su parte, el 18 de julio de 2023, Clinical presentó su alegación responsiva.[2] En esencia, negó las alegaciones vertidas en su contra y, entre otras, alegó afirmativamente que la acción de epígrafe no aducía hechos que justificaron la concesión de un remedio.

Luego de varios trámites procesales, el 14 de diciembre de 2023, se celebró una vista para pautar los procedimientos.[3] Entre los asuntos pautados en dicha vista, el Tribunal de Primera Instancia extendió el descubrimiento de prueba hasta el 30 de agosto de 2024.

Así las cosas, el 28 de agosto de 2024, Clinical instó una *Urgente Moción para Compeler Descubrimiento de Prueba al Amparo de la Regla 34.2 de Procedimiento Civil y Solicitando Extensión del Descubrimiento de Prueba.*[4] En lo pertinente, indicó que pretendía tomar la deposición de Vélez Soto y de Brenda Plá Díaz (Plá Díaz) durante el mes de julio de 2024. Sin embargo, arguyó que, para poder realizar dichas deposiciones, necesitaba una documentación solicitada a Vélez Soto, quien, según alegó, se había negado a producir la información requerida. Argumentó que le había comunicado previamente a Vélez Soto su interés en finiquitar los asuntos pendientes sobre el descubrimiento de prueba documental para poder dar curso a la toma de deposiciones. En particular, entre los anejos presentados junto a su moción, anejó la siguiente

---

[2] Apéndice del recurso, págs. 4-18.
[3] Íd., pág. 29.
[4] Íd., págs. 30-52.

comunicación que le envió a la representación legal de Vélez Soto, el 14 de junio de 2024, mediante correo electrónico:

[…]

> Salvo error, no hemos recibido los documentos y contestaciones que se adeudan en cuanto a los interrogatorios números 6, 9, 11, 15, 28 y 50 y la totalidad de los 27 requerimientos para la producción de documentos según le fue solicitado mediante comunicación el pasado 21 de mayo de 2024. Según previamente informado, nuestra intención es tomar las deposiciones en el mes de julio de 2024, debido a que el cierre de[l] descubrimiento de prueba se aproxima y el Tribunal fue enfático durante la vista celebrada que no concedería prórrogas a los términos ya señalados.

> Entendemos que un tiempo razonable y suficiente ha transcurrido para que la parte demandante proveyese una contestación; sin embargo, en un último esfuerzo de buena fe y al amparo de la Regla 34 de Procedimiento Civil, le concedemos un término final hasta el 21 de junio de 2024 para proveer las contestaciones y documentos que se adeudan. De no recibir dichos documentos e información, o una contestación, en el término dispuesto, nos veremos forzados a solicitar el auxilio del tribunal en este asunto.[5]

[…]

En vista de que Vélez Soto había dilatado el descubrimiento de prueba, Clinical solicitó extender el descubrimiento de prueba por un término adicional de sesenta (60) días.

Evaluada la solicitud, el 3 de septiembre de 2024, el foro primario emitió y notificó una *Orden* mediante la cual le ordenó a Vélez Soto a contestar y producir la información solicitada por Clinical en un término de diez (10) días, so pena de sanciones.[6] A su vez, autorizó a Clinical a tomar "la deposición interesada" en o antes del 30 de septiembre de 2024.

Posteriormente, el 18 de septiembre de 2024, Clinical sometió una *Urgente Moción Informativa y Solicitando Extensión del Descubrimiento de Prueba.*[7] En esencia, alegó que, si bien Vélez Soto había entregado algunos documentos, faltaban otros por producir,

---

[5] Apéndice del recurso, pág. 112.
[6] Íd., págs. 115-118.
[7] Íd., págs. 123-125.

así como varias objeciones pendientes a las contestaciones provistas por dicha parte a varios requerimientos circulados. Asimismo, indicó que, en cumplimiento con lo ordenado, el 18 de septiembre de 2024, notificó dos avisos de deposición dirigidos a Vélez Soto y a Plá Díaz, para el 25 y 26 del mismo mes y año. Señaló que, en igual fecha, la representación legal de Vélez Soto le cursó un correo electrónico mediante el cual expresó lo siguiente:

> [...]
>
> Informo que ninguna de las dos fechas son hábiles para este abogado. Tengo un mismo juicio esos dos días corridos. Conozco que el Juez le concedió a usted hasta el 30 de septiembre de 2024. Se le agradece el Aviso de Deposición a mi nombre[,] pero esa determinación la tomar[é] yo una vez usted deponga a mi cliente. Podemos concentrarnos en su deposición[,] pero hay que extender el término porque yo no tengo los próximos doce (12) días disponibles.[8]

Debido a los conflictos de calendario citados, así como la falta de producción de documentación solicitada a Vélez Soto, Clinical solicitó un término adicional de treinta (30) días, a comenzar desde el 30 de septiembre de 2024, para completar los asuntos pendientes del descubrimiento de prueba.

Atendida la solicitud, el 19 de septiembre de 2024, el foro *a quo* emitió y notificó una *Orden* mediante la cual concedió la extensión solicitada del descubrimiento de prueba.[9]

Luego de varias incidencias procesales, el 22 de octubre de 2024, se celebró una Conferencia con Antelación al Juicio, a la cual comparecieron las partes.[10] Según surge de la regrabación de la vista, el juzgador de los hechos cuestionó la razón por la cual debía extender el descubrimiento de prueba para que Clinical pudiera realizar la toma de deposiciones. En respuesta, la representación legal de Clinical explicó que, para poder prepararse para llevar a

---

[8] Apéndice del recurso, pág. 124.
[9] Íd., pág. 135.
[10] Íd., pág. 248-249.

cabo la toma de deposiciones, necesitaba los documentos que le solicitó oportunamente a Vélez Soto. El foro de origen determinó que ello no era justa causa para solicitar un término adicional para culminar el descubrimiento de prueba que había culminado el 30 de agosto de 2024. Por su parte, la representación legal de Vélez Soto argumentó que Clinical tuvo más de un (1) año para tomar las deposiciones solicitadas. En desacuerdo, la representación legal de Clinical arguyó que la otra parte no había tenido fecha hábil durante ese término para poder llevar a cabo las deposiciones, lo cual estaba evidenciado por varias comunicaciones mediante las cuales le había solicitado a Vélez Soto fechas disponibles. La representación legal de Vélez Soto sostuvo que Clinical dejó las deposiciones para el final y, por tener la agenda llena de trabajo, no contaba con una fecha hábil para hacer las deposiciones. No obstante, expresó estar de acuerdo con la extensión del término del descubrimiento de prueba. Escuchadas las posturas de las partes, el foro sentenciador coincidió con la postura de la representación legal de Vélez Soto. En vista de ello, en lo aquí atinente, extendió el descubrimiento de prueba y permitió que Clinical realizara una sola deposición, a Vélez Soto, con la información que tuviera hasta ese momento.[11]

En virtud de lo anterior, el 22 de octubre de 2024, notificada el 30 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Minuta/Resolución* que nos ocupa.[12] En lo pertinente, el foro recurrido extendió el término para culminar el descubrimiento de prueba y limitó a una (1) la cantidad de deposiciones que podía tomar Clinical.

---

[11] Cabe destacar que, de la regrabación de la Conferencia con Antelación al Juicio, no surge que la representación legal de Clinical objetara o solicitara la reconsideración de lo determinación por el foro primario.

[12] Apéndice del recurso, págs. 246-249.

Inconforme, el 21 de noviembre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

Erró el Tribunal de Primera Instancia al reconsiderar una orden final y firme por constituir ley del caso y, en consecuencia, limitar el descubrimiento de prueba pertinente y la toma de deposiciones oportunamente solicitadas por la compañía.

En cumplimiento con nuestra *Resolución* del 6 de diciembre de 2024, y luego de una prórroga a esos efectos, la parte recurrida compareció mediante *Moción en Oposición a que se Expida el Auto de Certiorari* el 26 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, así como con la regrabación de la Conferencia con Antelación al Juicio celebrada el 22 de octubre de 2024, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como único señalamiento de error que el Tribunal de Primera Instancia incidió al reconsiderar una orden final y firme por constituir ley del caso y, en consecuencia, limitar el descubrimiento de prueba pertinente, así como la toma de deposiciones oportunamente solicitada. En esencia, sostiene que el foro recurrido erró al únicamente permitirle deponer a Vélez Soto, mas no a la testigo Plá Díaz, aun cuando ambas deposiciones ya habían sido concedidas por dicho foro en la *Orden* del 3 de septiembre de 2024. Reiteró que no había realizado la toma de deposiciones a dichas partes porque la parte recurrida no había producido la totalidad de la documentación solicitada y la representación legal de esta, en varias ocasiones, había informado que no tenía fechas hábiles para realizar las deposiciones.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al limitar la toma de deposiciones solicitada por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, así como la regrabación de la Conferencia con Antelación al Juicio celebrada el 22 de octubre de 2024, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1

de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

## IV

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones